IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cv332
(3:06cr178)

| | |
|---|---|
| PHONEPADITH THADSAMANY, )<br>)<br>Petitioner, )<br>v. )<br>)<br>UNITED STATED OF AMERICA, )<br>)<br>Respondent. ) | **ORDER** |

**THIS MATTER** is before the Court upon the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 filed on August 3, 2009 (Doc. No. 1); the Government's Response and Motion for Summary Judgment filed November 24, 2009 (Doc. No. 7 and 8); and Petitioner's Reply filed on January 25, 2010 (Doc. No. 12.) For the reasons stated below, Petitioner's Motion to Vacate will be denied and dismissed.

I. PROCEDURAL HISTORY

On July 26, 2006, Petitioner and three others were named in a eight-count Superseding Bill of Indictment. (Case No. 3:06cr178, Doc. No. 13: Bill of Indictment.) Specifically, Petitioner was charged with conspiracy to possess with intent to distribute Ecstasy in violation of 21 U.S.C. §§ 846 and 841 and possession and attempted possession with intent to distribute Ecstasy and aiding and abetting in violation of 21 U.S.C. §§ 846 and 841 and 18 U.S.C. § 2.

Petitioner pled not guilty and proceeded to trial. On March 7, 2007, Petitioner was tried before a jury and found guilty of the charges in the Indictment. On October 25, 2007, the

1

undersigned sentenced Petitioner to 150 months on Counts One and Eight to run concurrently. (Case No. 3:06cr178, Doc. No. 65: Judgment.) Judgment was entered on November 16, 2007. (Id). Petitioner filed an appeal in the Fourth Circuit Court of Appeals raising three issues: (1) whether the district court erroneously permitted testimony of threats of violence as tools of the drug trade; (2) whether the district court erroneously denied Petitioner's Rule 29 motion at trial; and (3) whether the district court unreasonably sentenced Petitioner based on a presumptive guideline range. On January 15, 2009, the Fourth Circuit issued an unpublished decision affirming Petitioner's conviction and sentence. The Court specifically concluded that the undersigned followed the necessary steps in determining an appropriate sentence for Petitioner and that the 150 month sentence, which is within the advisory range, is reasonable. United States v. Thadsamany, 305 Fed. App'x 942 (4th Cir. 2009).

On August 3, 2009, Petitioner filed the instant Motion to Vacate alleging that his counsel was ineffective for: (1) failing to argue for a mitigating role; (2) failing to argue reasonableness; (3) failing to challenge the evidence of the quantity of Ecstacy for which Petitioner was found responsible; (4) failing to challenge the drug quantity; (5) failing to present defense witnesses; (6) failing to argue Petitioner's deportation status; and (7) failing to argue for application of the safety valve.

## II. LEGAL DISCUSSION

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether a petitioner is entitled to any relief. If the motion is not dismissed after that initial review, the court must direct the government to respond.

2

Id. The court must then review the government's answer and any materials submitted by the parties and determine whether an evidentiary hearing is warranted pursuant to Rule 8(a). Following such review, it is clear to the Court that Petitioner is entitled to no relief on his claims; thus a hearing is not required. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

Ineffective Assistance of Counsel

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992).

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to his "actual and substantial disadvantage, infecting his trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494 (1986) (quoting United States v. Frady, 456 U.S. 142, 170 (1982)). Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins, 724 F.2d at 1430-31). Therefore, if Petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290 (citing Strickland, 466 U.S. at 697).

Moreover, in considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was

fundamentally unfair or unreliable.'" Critically, because some of Petitioner's claims are attempting to challenge issues at sentencing, in order to demonstrate an entitlement to relief on those, he must, at a minimum, allege facts which establish that his "sentence would have been more lenient" absent counsel's errors. Royal v. Taylor, 188 F.3d 239, 248-49 (4th Cir. 1999).

Petitioner first contends that his trial counsel, Scott Gsell, was ineffective for failing to argue for a mitigating role at sentencing. In response to this claim, Petitioner's counsel provided the Government with an affidavit stating that Petitioner "steadfastly denied, both before trial and afterwards, that he participated in the distribution of any drugs in this matter." (Gsell Affidavit at 2, attached to Government's Motion for Summary Judgment.) With respect to his decision not to argue for a mitigating role, Mr. Gsell noted that arguing for a mitigating role would have "amounted to an admission that [Petitioner] had participated in the distribution of MDMA" and could have jeopardized [his] appeal. (Id.)

Counsel's strategic decision not to argue for a role reduction is reasonable. Further, when determining whether an individual's role is minor or minimal, the "critical inquiry" is "whether the defendant's conduct is material or essential to committing the offense." United States v. Pratt, 239 F.3d 640, 646 (4th Cir. 2001). The evidence at trial, specifically the testimony of Detective Beaver and Kong, established that Kong contacted Petitioner to obtain 10,000 Ecstasy pills and that Petitioner traveled from New York City with that quantity of pills for distribution to Kong. (Case No. 3:06cr178, Doc. No. 75: Trial Transcript 41 – 47; 118 - 122.) Such evidence established that Petitioner's role was well beyond that of a mere drug courier or transporter. Based on this evidence, Petitioner has not established that his counsel was ineffective for failing to argue for a mitigating role nor can he show that he was entitled to such a reduction. Further, based on the evidence, the

4

undersigned would not have granted a motion for a role reduction for Petitioner. See United States v. Gonzalez-Delgado, 195 Fed. App'x 120, 123 (4th Cir. 2007) (affirming district court's denial of a mitigating role adjustment where defendant transported over two kilograms of methamphetamine across state lines which were carefully concealed to "minimize the likelihood of detection and seizure"). Petitioner has not established either prong of the Strickland test and his claim that his counsel was ineffective for failing to argue for a mitigating role is denied.

Next, Petitioner contends that his counsel was ineffective for failing to "aggressively argue for reasonableness" at his sentencing hearing (Memo at 16.) Specifically, Petitioner argues that an effective attorney would have emphasized "the need to avoid unwarranted disparities" pursuant to 18 U.S.C. § 3553, and that "but for counsel's unprofessional errors, the results would have been different." (Id. at 11, 16.) Additionally, Petitioner notes that his term of imprisonment of 150 months "infers disparity" based upon the sentencing range between 121 and 151 months. (Id. at 11.)

First, although Petitioner contends that his counsel did not "aggressively argue for reasonableness" at his sentencing hearing, the Court's review of the record reveals that Mr. Gsell challenged the drug quantity for which the Government argued both on procedural and substantive grounds and argued in favor of a mitigated sentence. (Case No. 3:06cr178, Doc. No. 76: Sentencing Transcript at 5- 25.) Based on this record, Petitioner cannot establish that his counsel's performance was deficient.

Next, Petitioner specifically challenged the reasonableness of his sentence on direct appeal, and the Fourth Circuit explicitly affirmed its reasonableness, stating that "the district court followed the necessary steps in determining an appropriate sentence for [Petitioner] and that the 150-month sentence, which is within the advisory guideline range is reasonable. Thadsamany, 305 Fed. App'x

5

942, 944-45. Petitioner may not challenge this issue on collateral review as the issue was raised and decided on direct review. United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976); see also United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (the law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court").

In a related claim, Petitioner contends that his counsel was ineffective for failing to "challenge the [G]overnment on the weight of the undiscovered 5,000 pills," based upon uncorroborated testimony. (Memo at 17, 23.) Once again, a review of the sentencing transcript makes clear that Mr. Gsell did challenge the Government's position that 10,000 ecstasy pills were attributable to Petitioner. Indeed, Mr. Gsell specifically attacked the credibility of the testimony upon which the Government relied. (Case No. 3:06cr178, Doc. No. 76: Sentencing Transcript at 24.) However, the undersigned rejected counsel's argument on Petitioner's behalf. (Id. at 25.) Because there was sufficient evidence to support the Court's finding that Petitioner was responsible for 10,000 pills and Petitioner cannot show deficient performance or prejudice based on his counsel's challenge to the drug quantity, his ineffective assistance of counsel claim must fail.

Petitioner also contends that his counsel was ineffective for failing to challenge the lack of a drug quantity in the indictment. Petitioner argues that Apprendi v. New Jersey, 530 U.S. 466 (2000) requires that the drug quantity be charged in the indictment. Petitioner's reliance on the Apprendi line of cases in misplaced. Apprendi does not apply to a judge's exercise of sentencing discretion within the statutory range, but rather, applies only when the sentence exceeds the statutory maximum based on facts found by the jury. See United States v. Kinter, 235 F.3d 192, 199-200 (4th Cir. 2000). Here, Appredi does not apply because Petitioner was sentenced within the statutory

6

maximum. Specifically, Petitioner was subject to a statutory maximum term of imprisonment of 240 months. See 21 U.S.C. § 841(b)(1)(C). The Court sentenced Petitioner to 150 months, well below the 240-month maximum.

Petitioner relies on United States v. Collins, 415 F.3d 304 (4th Cir. 2005) to challenge the lack of a jury finding as to drug quantity. However, Petitioner's reliance on Collins is misplaced. Collins stands for the proposition that where the Government seeks to rely on the enhanced sentencing provisions of § 841(b) based on drug quantity (something greater than the 1 to 20-year default range), the jury must find the drug quantity attributable to the individual in the context of the conspiracy as a whole supporting that enhanced penalty range. Collins, 415 F.3d at 314. In the instant case, Defendant was sentenced within the twenty-year maximum established by the default range set forth in § 841(b)(1)(C) and accordingly Collins is not applicable. Petitioner has not established either prong of the Strickland test with respect to this claim, therefore, his claim must fail.

Next, Petitioner claims that his counsel was ineffective for failing to present defense witnesses, arguing that "[he] had a right to have those witnesses who were at the scene of the crime to testify on his behalf. (Memo at 28.) Specifically, Petitioner faults counsel's "egregious error" for not having Petitioner's relative, Meksavarh Boribour ("Max") testify on his behalf. (Memo at 28, 30.) Petitioner argues that Max could have testified regarding the number of ecstasy pills as Kong and Max counted the pills together and "Kong has been known to be a liar." (Memo at 28.)

In response to this claim, Petitioner's counsel stated in his affidavit that Petitioner offered no witnesses who would potentially testify on his behalf and that Petitioner waived his own right to testify. With respect to Max, Mr. Gsell states that he made a strategic decision not to call him as a witness, in part, because of Max's previous statements to law enforcement that the drugs and money

7

found in his home belonged to Petitioner. (Gsell Exhibit at 4, attached as Exhibit to Government's Motion for Summary Judgment.)

In light of counsel's explanation of his strategic decision not to call Max as a witness based upon prior statements incriminating Petitioner, testimony that would have contradicted Petitioner's claim of innocence, Petitioner has failed to cite testimony that would have changed the outcome of the trial and thus has not established either prong of the Strickland test. Accordingly, Petitioner's claim that counsel was ineffective for failing to call defense witnesses must fail.

Next, Petitioner argus that his counsel was ineffective for failing to make an argument, at sentencing, for a downward departure based on Petitioner's deportation status. While one's status as an illegal alien, "may be a basis for departure if it increases the severity of his sentence by subjecting him to longer or more restrictive confinement than would otherwise be the case," United States v. Soto, 10 Fed. App'x 226, 227 (4th Cir. 2001); United States v. DeBeir, 186 F.3d 561, 569-70 (4th Cir. 1999) (reviewing cases), here, Petitioner does not cite any evidence that his confinement will be longer or more severe based on his status as an illegal alien, arguing only that he is not eligible for certain benefits that other prisoners are eligible for because they are citizens. In Soto, the Fourth Circuit concluded that the Petitioner's general claim that he would be ineligible for a drug treatment program was not sufficient to establish that his sentence was increased or that his confinement was made more severe because of his alien status. Id. In this instant case, like in Soto, Petitioner generally claims that he will be ineligible for certain benefits that other prisoners are eligible for because of their citizenship. Therefore, Petitioner cannot establish that his counsel was deficient for failing to argue for a downward departure based on his deportation status.

Finally, Petitioner argues that his counsel was ineffective for failing to argue for the

application of the safety valve. The safety valve provision of 18 U.S.C. §3553(f) permits a district court to impose a Guidelines sentence below the applicable statutory minimum if the court finds that the defendant meets certain criteria. To be eligible for sentencing under the safety valve a defendant must meet the following five statutory requirements: (1) the defendant has no more than one criminal history point, (2) the defendant did not use violence or credible threats of violence or possess a firearm in connection with the offense, (3) the offense did not result in death or serious bodily injury, (4) the defendant was not an organizer or leader of others in this offense, and (5) the defendant provided truthful information to the Government concerning the crime. See 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2. The burden is on the defendant to prove that he has meet all five safety valve requirements. See United States v. Beltran-Ortiz, 91 F.3d 665, 669 (4th Cir. 1996); see also, United States v. Ivester, 75 F.3d 182, 184-85 (4th Cir. 1996) (holding that it is not sufficient that a defendant stands ready to disclose fully if the Government were to approach him to seek information; the plain language of the safety valve provision requires that a defendant must demonstrate that he has fully and truthfully disclosed even if he has never been approached by the Government), cert. denied, 518 U.S. 1011 (1996).

      Here, there appears to be no dispute regarding the first four requirements. Indeed, there is not a credible dispute regarding the fifth element either. Petitioner contends that his counsel should have argued that he was entitled to the application of the safety valve arguing only that he was "truthful" but gives no specifics as to when he was "truthful." Not surprisingly, he does not contends that he ever met with the Government for a debriefing. The Government, who is in a position to know, contends that Petitioner does not meet the requirements of the safety valve because he failed to provide any cooperation to the Government at any time. Even Petitioner's counsel's affidavit

9

supports Petitioner's lack of cooperation with the Government. Indeed, Ms. Gsell stated that "[Petitioner] did not cooperate with the government at any time before sentencing. Therefore, there was no legal basis to argue for the safety valve. (Gsell Affidavit at 4, attached to Government's Motion for Summary Judgment.)

Furthermore, Petitioner's assertion that he has been "truthful" is disingenuous given that he "steadfastly denied, both before trial and afterwards, that he participated in the distribution of any drugs in this matter." (Gsell Affidavit at 2, attached to Government's Motion for Summary Judgment.)

In short, Petitioner has not shown that through his conduct he demonstrated that he fully and truthfully disclosed relevant information to the Government. Therefore he was not entitled to the safety valve provision and he has not established that his counsel was deficient for failing to argue that the safety valve should have applied to him. Petitioner has not established either prong of the Strickland test, there fore his claim must fail.

### III. CONCLUSION

The Court has considered the pleadings and documents submitted by the parties and the entire record of this matter and finds that it is clear that Petitioner is not entitled to relief on any of his claims.

**IT IS, THEREFORE ORDERED** that:

1. The Government's Motion for Summary Judgment (Doc. No. 8) is **GRANTED**;

2. The Petitioner's Motion to Vacate, Set Aside, or Correct Sentence(Doc. No. 1) is **DENIED and DISMISSED**.

3. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court

declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

**SO ORDERED**.

Signed: February 2, 2010

Frank D. Whitney
United States District Judge